IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Eric Suchomelly, Jr., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     No. 1:23cv1140 (RDA/LRV) <br> ) |
| Jennings, et al., <br> Defendants. | ) <br> ) <br> ) |

MEMORANDUM OPINION and ORDER

Eric Suchomelly, Jr. ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights while he was detained at the Piedmont Regional Jail ("PRJ"). Dkt. No. 1. On October 18, 2023, the Court screened the complaint, noted deficiencies, and granted Plaintiff leave to amend. Dkt. No. 8. He filed an amended complaint ("First Amended Complaint" or "FAC") on November 29, 2023. Dkt. No. 10. The Court reviewed the FAC, and ordered that the Eighth Amendment Claim against Defendant Jennings be filed and served. Dkt. No. 13. On April 18, 2024, Defendant Jennings filed a Motion to Dismiss, with a brief in support. [Dkt. Nos. 20-21]. On May 13, 2024, Plaintiff exercised his rights under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), by seeking to amend in response to the motion to dismiss, Dkt. Nos. 24 and 26, and also by seeking appointment of counsel. The matter is now ripe for disposition, and for the reasons that follow, Defendant's Motion to Dismiss must be denied.

I. Standard of Review

Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency

of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Where a complaint is filed by a prisoner acting *pro se*, however, that complaint must be construed liberally regardless of how unskillfully it is pleaded. *Haines v. Kerner*, 404 U.S. 519, (1972). A *pro se* litigant is therefore not held to the strict pleading requirements demanded of attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976); *see also Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) ("This Court reads *pro se* pleadings to raise the strongest arguments that they suggest, and we consider whether a *pro se* civil rights plaintiff is entitled to relief under any legal theory that his factual allegations might plausibly convey.").

## II. Amended Complaint

The FAC alleges that, on February 24, 2023, Defendant Jennings struck Plaintiff from behind while Plaintiff was handcuffed and being transported within the jail. Dkt. 10 at 4. Plaintiff

2

alleges that Defendant's conduct violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. *Id.* The alleged assault resulted in "several lacerations" to Plaintiff's head and body, "chipped and fractured teeth," and a possible concussion. *Id.*

## II. Analysis

In the motion to dismiss, Defendant argues that Plaintiff has failed to comply with this Court's prior Order regarding amendment and that Plaintiff has failed to state a claim against Jennings. Dkt. 21. In response, Plaintiff seeks to again amend his complaint, which Defendant has opposed. Dkt. No. 27. Defendant Jennings' Reply correctly points out that Plaintiff did not obtain leave of court to file an amended complaint; that Plaintiff did not sign the amended complaint; and that the amended complaint adds a fact that changes the standard of review, *i.e.*, that Plaintiff was a pre-trial detainee at the time of the alleged assault. *Id.* at 2-3.[1] Defendant Jennings' points are well taken and will be resolved by granting Plaintiff leave to file an amended complaint, which Plaintiff will designate his "Second Amended Complaint," ("SAC"), which will cure the deficiencies noted by the Defendant as well as other deficiencies noted herein.

### A. Defendant Jennings' Motion to Dismiss

Defendant Jenning's correctly states that the preliminary screening that *pro se* complaints receive does not preclude a defendant from seeking to dismiss a complaint for failure to state a claim. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (comparing the *sua sponte* nature of pre-service screening for dismissal—an "abbreviated treatment," authorizing dismissal without requiring defendants to file responsive pleadings—with Fed. R. Civ. P. 12(b)(6)). His motion then seeks to dismiss the FAC for not stating an Eighth Amendment violation and also faults Plaintiff for not establishing whether Plaintiff "was a convicted prisoner or a pretrial detainee

---

[1] In accordance with the Court's duty to liberally construe Plaintiff's pleading, the Court construes the "Letter/Motion" and the "Response," as a motion to amend the amended complaint.

3

at the time of the alleged incident." Dkt. No. 21 at 5. He further argues that the FAC does not establish that Defendant Jennings caused his injury.

Although Defendant Jennings opposes the filing of a further amended complaint, his motion to dismiss points out several deficiencies and indirectly makes the case for granting the Plaintiff leave to file a proper SAC, because those deficiencies could be cured. The facts alleged in the FAC, viewed in the light most favorable to Plaintiff, are sufficient to establish causation in the context of a motion to dismiss. Since causation survives at this point, allowing amendment on other points, particularly the standard of review, the Court will deny the motion to dismiss without prejudice.[2]

### B. Plaintiff's Motion to Amend

The proposed SAC has several additional deficiencies that Plaintiff must cure. First, he does not identify the claim as required by Rule 8(a)(2) of Federal Rule of Civil Procedure, and he also fails to comply with Rule 8(e)(1), which requires that each averment of a pleading be "simple, concise, and direct." Although the Court will permit Plaintiff to file a Second Amended Complaint that corrects these deficiencies, the SAC *shall* identify the claim or claims that Plaintiff is seeking to raise by letter or number, and he *shall* identify the federal right he alleges has been violated in each claim. In this respect, Plaintiff must clearly allege that he was a pre-trial detainee on February 24, 2023, because an excessive force claim for a pre-trial detainee plaintiff is evaluated under a different standard than a convicted plaintiff. For a pre-trial detainee, that standard is derived from the Fourteenth Amendment and a complaint must allege that "the force purposely or knowingly

---

[2] In addition, since the proposed amended complaint indicates that Plaintiff was a pre-trial detainee at the time of the alleged assault, the incident needs to be evaluated under the proper standard of review. *See Simmons v. Whitaker*, 106 F.4th 379, 387 (4th Cir. 2024) ("For a pre-trial detainee, the proper standard comes from the Fourteenth Amendment.").

used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). *Kingsley* provides a non-exhaustive list of factors courts can be used to determine objective reasonableness:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* at 397.

Second, Plaintiff must state all the facts associated with his claim of excessive force and any other claim he is raising, and in doing so he must use names rather than a generic designation such as an officer, which will assist in clarifying the matter and allow Defendant to respond. The facts must include dates as to when matters occurred. *Each allegation of fact should be set forth in a numbered paragraph for ease of reference.*

Finally, in setting forth the facts in his SAC, Plaintiff should refrain from presenting arguments, editorializing, or dramatizing, all of which inhibit the ability to comprehend the nature of the claim Plaintiff is attempting to present. If Plaintiff wishes to discuss case law or argue matters, he is free to file a separate brief or memorandum in support. Plaintiff is expressly advised that the SAC supersedes the original complaint and his first amended complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted). Accordingly, Plaintiff's motions to amend will be granted in part and denied in part. The motion will be granted insofar as Plaintiff will be permitted to file a Second Amended Complaint; but the motion will be

denied insofar as Plaintiff seeks to treat his proposed amended complaint as the operative complaint in this matter.

### C. Plaintiff's Motions for Appointment of Counsel

Plaintiff also seeks appointment of counsel. "A *pro se* prisoner does not have a general right to counsel in a § 1983 action." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *See id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *Whisenant*, 739 F.2d at 163. Here, the Plaintiff has demonstrated his ability to handle his litigation, and the issue presented in his amended complaint and the proposed second amended complaint is not complex. Plaintiff's motions will be denied without prejudice.

### D. Plaintiff's Motions for Production of Documents

Plaintiff has requested the following documents: video footage from both cameras in PRJ's hallway in "I-1/I-2 entrance hallway/Dental Office" from 9:30-11:30 on February 24, 2023; all medical and dental records of the Plaintiff; "full investigative report" of Investigator J. Cordell about the alleged "assault"; and all material on defendant Jennings involving inmate or staff complaints or write-ups regarding physical interactions with inmates or staff. Dkt. No. 37. Defendant Jennings has responded that he is not the custodian of any of the requested records and no longer works at the PRJ. Dkt. No. 38 at 2.[3] Thus, Plaintiff should seek those documents from the appropriate custodian. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d

---

[3] In circumstances where the party to the litigation is not a custodian of the documents sought, plaintiff needs to identify the custodians and serve his requests on those persons or entities. *See* Fed. R. Civ. P. 34(c) and 45.

Cir. 2007) (a party need not seek documents requested by another party "from third parties if compulsory process against the third parties is available to the party seeking the documents"). Moreover, Plaintiff has not shown that Defendant Jennings, who no longer works at PRJ, has any "right, authority, or practical ability to obtain the documents." *Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023) (citation omitted). The motion will be also denied without prejudice for this reason.[4]

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, Dkt. No. 20, is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that Plaintiff's motions for appointment of counsel, Dkt. Nos. 25 and 29, and his Motion/Request for Production of Documents, Electronically Stored Information, etc., Dkt. No. 37, are **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that Plaintiff's motions for leave to file a Second Amended Complaint, Dkt. Nos. 24 and 26, are **GRANTED IN PART AND DENIED IN PART**; and it is

**FURTHER ORDERED** that Plaintiff is **DIRECTED** to file a Second Amended Complaint that complies with the Court's directives here and cures the deficiencies identified in his proposed second amended complaint. Any Second Amended Complaint must also reallege all facts he has asserted in the original, amended, and proposed amended complaints; and it is

**FURTHER ORDERED** that Plaintiff serve a copy of the SAC on Defendant Jennings' counsel, as well as every document he files in this proceeding, upon all parties by mailing the document to each party's counsel, pursuant to Fed. R. Civ. P. 5; and it is

---

[4] To the extent Defendant Jennings objects to the Plaintiff's Affidavit, Dkt. 37-1, on the basis that the affidavit is not in the correct format (*see* Dkt. 38 at 2), that objection is overruled. *See* 28 U.S.C. § 1746(2) ("If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).'"). The Affidavit will be considered a sworn statement to the extent Plaintiff has personal knowledge of the matters contained therein.

**FURTHER ORDERED** that Defendant Jennings file an answer or other responsive pleading to the SAC within thirty (30) days after the SAC is filed. It is normal practice in *pro se* prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is

**FURTHER ORDERED** that, within twenty-one (21) days of Defendant Jennings filing a responsive pleading, Plaintiff file any opposition, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendant. *See* E.D. Va. Local Civ. R. 7(K); *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Any reply brief from Defendant Jennings must be filed within fourteen (14) days and unless Plaintiff explicitly requests additional time for filing additional materials, this civil action will be considered ripe for disposition twenty-one (21) days after defendant files a reply to Plaintiff's opposition; and it is

**FURTHER ORDERED** that plaintiff's failure to comply with *any* part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Plaintiff, and a copy of this Order to counsel of record for the Defendant.

Entered this 18 day of December 2024.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge